# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-00093-01-CR-W-GAF |
| ) | |
| DIAMOND D. BLAIR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court are Defendant Diamond Blair's ("Defendant") Motions to Dismiss. (Docs. ## 114, 123, 145). Defendant moves the Court to dismiss the Indictment against him on the following grounds: (1) this Court has no jurisdiction over the crime with which he has been charged; (2) Defendant's arrest warrant was defective; (3) the Indictment was not returned in open court; (4) Defendant's rights under the Interstate Agreement on Detainers Act ("IADA") were violated; (5) the Government presented incomplete and/or improper evidence to the grand jury; (6) the Government engaged in selective prosecution; (7) the magistrate judge exceeded his statutory authority; (8) the grand jury was improperly selected; and (9) Defendant was not present during the depositions of government witnesses. (*See id.*).

On April 6, 2010, a grand jury indictment was returned charging Defendant with being a felon in possession of a firearm. (Doc. # 1). On March 4, 2011, March 9, 2011, and April 5, 2011, Defendant filed his Motions. (Docs. ## 114, 123, 145). On November 9, 2011, the Honorable Chief Magistrate Judge Robert E. Larson held a hearing regarding Defendant's IADA claim. (Doc. # 322).

Subsequently, on November 16, 2011, Chief Magistrate Judge Larsen issued his Report and Recommendation ("Report and Recommendation") addressing all nine (9) issues raised by Defendant

1

in his Motions, including the IADA issue. (*Id*.). The Report and Recommendation concluded that Defendant's Motions should be dismissed. (*Id.* at 13). Defendant had up to and including November 29, 2011, to file objections to the Report and Recommendation. (*Id*.). On November 25, 2011, Defendant filed his objections.[1] (Doc. # 336).

Upon careful and independent review of the pending Motions, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of Chief Magistrate Judge Larsen. (*See* Doc. # 306). Accordingly, it is

**ORDERED** Defendant's Motions to Dismiss are DENIED.

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: November 30, 2011

---

[1]The document Defendant filed to object to the Report and Recommendation is stylized as a Motion of Appeal. (Doc. # 336). Though the Report and Recommendation is only a recommendation to this Court, the Court reviews the Report and Recommendation as an order for purposes of Defendant's appeal since this Court adopts and incorporates the Report and Recommendation as its own Order herein. (*See* Doc. # 306).

A district court may set aside any part of a magistrate judge's order concerning pretrial matters within 28 U.S.C. § 636(b)(1)(A) that are shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see Davis v. Lancaster Cnty. of Corr.*, 2006 WL 1816994 at * 1 (D. Neb. June 27, 2006). "To conclude that findings of fact are clearly erroneous, the court's review of the record should leave a definite and firm conviction that a mistake has been made." *Prince v. Sargent*, 960 F.2d 720, 720-21 (8th Cir. 1992) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, (1985)); *see Smith v. BMI, Inc*., 957 F.2d 462, 463 (7th Cir. 1992) ("Clearly erroneous is a high standard to meet; the challenger must convince the reviewing court that a mistake has been made."). Appeals from a magistrate judge's order are reviewed de novo. 28 U.S.C. § 636(b)(1).

After careful review of the Report and Recommendation, this Court finds the magistrate judge neither erred in the finding of facts nor made a determination contrary to law when recommending Defendant's Motions be denied.